█ The People of the State of New York, Respondent, v. Anthony Loria, Appellant.— Judgment entered in Supreme Court, Bronx County on June 15, 1964 convicting defendant, on his plea of guilty, of having violated subdivision 2 of section 1751 Penal Law (possession of narcotics) reversed on the law, and the indictment is dismissed. In January, 1961, defendant was convicted after trial of the crime of unlawfully possessing a quantity of heroin, with intent to sell. The Court of Appeals reversed the conviction and granted a new trial on the ground that there had been an unlawful search and seizure of the heroin which formed the basis of the prosecutor's case. (People v. Loria, 10 N Y 2d 368.) However, the Court of Appeals concluded that the People should have the opportunity to establish that the seizure of the narcotics was an incident to a lawful arrest, and suggested that the proper procedure would be for the defendant to make an application to suppress in advance of trial. Such a motion was duly made and denied after a hearing. After a plea of guilty, defendant appealed from the judgment, bringing up for review the order of the Court denying the motion to suppress the evidence (Code Crim. Pro., § 813-c). On such appeal this court reversed the order denying the motion to suppress, remanded the matter to the trial court for a further hearing and held the appeal in abeyance pending the new hearing. (People v. Loria, 24 A D 2d 116.) That new hearing was held on May 22, 1968, at which time the prosecutor declared it had no further evidence to present on the question reserved for a further hearing. The Trial Justice, after such hearing, rendered his decision finding that there was no probable cause to arrest defendant and the search and seizure was not an incident to a lawful arrest. A supplemental record, consisting of a transcript of the stenographic minutes of the hearing and the decision of the Trial Justice, has been submitted to this court. Upon review of such supplemental record, we hold that the finding of the Trial Justice is amply sustained. Accordingly, on the basis of the original and supplemental records, the judgment of conviction must be reversed, and since the evidence suppressed is the only basis of any possible prosecution against defendant, the indictment must be dismissed. Concur — Rabin, J P., Stevens, Eager and Steuer, JJ.